UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MENDELL DONNY FRITZ,

    Petitioner,

v.                                          Case No. 2:10-cv-102
                                            HON. R. ALLAN EDGAR

GARY CAPELLO,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner, Mendell Donny Fritz, filed this petition for writ of habeas corpus challenging his convictions for first degree criminal sexual conduct, second degree criminal sexual conduct, armed robbery, felony firearm, and unlawful driving away a motor vehicle. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner asserts that:

I. Petitioner was denied a fair opportunity to present a defense when trial counsel failed to challenge DNA evidence.

II. Trial counsel was ineffective for failing to request appointment of a defense expert witness.

III. Trial counsel was ineffective for failing to discredit prosecution evidence.

IV. Appellate counsel was ineffective for failing to raise meritorious issues.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that Petitioner procedurally defaulted each of his claims. Petitioner first raised these issues in his motion for relief from judgment in the trial court. After the trial court denied the motion citing MCR 6.508(D)(3)(a), Petitioner appealed to the Michigan Court of Appeals and Michigan Supreme court. Both courts denied the applications for leave to appeal under MCR 6.508(D). The trial court appears to have made a merits ruling on Petitioner's claim. Arguably, however, the trial court may have been considering whether cause and prejudice existed for the

- 3 -

procedural default. Nevertheless, whether this court considers the merits of Petitioner's claims or considers these issues procedurally defaulted, it is the opinion of the undersigned, that the petition should be dismissed.

The trial court stated:

**I.     Ineffective Assistance of Trial Counsel**

Defendant first claims that he received ineffective assistance of trial counsel. Defendant asserts that his trial counsel was ineffective for two reasons:

   1. Failing to present evidence that one or more of the buccal swabs taken from the victim was taken before the victim drank anything; and

   2. Failing to call an expert witness to testify on Defendant's behalf.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. *People v Carbin*, 463 Mich 590, 599 (2001). Counsel's deficient performance must have resulted in prejudice. To demonstrate the existence of prejudice, a defendant must show a reasonable probability that but for counsel's error, the result of the proceedings would have been different, *id* at 600, and that the result that did occur was fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 74, 76 (1999).

At trial the prosecution presented evidence that the victim was forced by a masked assailant to perform oral sex, and that the assailant ejaculated in the victim's mouth. The victim testified she spit some out onto her sweater. DNA testing showed that the semen, on the victim's sweater matched that of the Defendant. However, four mouth swabbing tests, that were performed on victim resulted in a negative DNA match to Defendant's semen. The state's expert witness testified that it was possible that the test results were negative, because the victim drank a coke before the swabbing tests were performed. Defendant asserts that trial counsel was ineffective, because counsel did not cross-examine the victim on whether she

drank the coke before any of the buccal swab tests were performed, and because counsel did not call an expert witness to testify on defendant's behalf.

Here Defendant has not established that trial counsel was ineffective. Defense counsel was objectively reasonable under the circumstances. Defense counsel has wide discretion regarding matters of trial strategy. *Odom, supra* at 415. It is easy to imagine the possible strategic advantages of choosing not to inquire into the exact timing of when mouth swabbing occurred. Perhaps defense counsel already knew the answer and the answer would not be favorable to defendant's case. Defense counsel also has discretion on whether or not to call expert witnesses to testify at trial. Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy and the failure to present evidence or call witnesses can constitute ineffective assistance only when it deprives the defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398 (2004). A substantial defense is one that might have made a difference in the outcome of the trial. *People v Hyland*, 212 Mich App 701, 710 (1996). Here, defendant was not deprived of a substantial defense. Defense counsel provided a sufficient defense, and it is unlikely that any trial strategy would have affected the outcome of the trial. The overwhelming evidence that defendant's DNA positively matched the semen found on the victim's sweater, is strong enough evidence to disregard any assertion that the defendant was prejudiced. Defendant has not shown any failure of counsel to interview the witnesses, otherwise investigate the case, or call particular witnesses resulted in prejudice. *Carbin, supra*, at 600. Therefore, defendant's trial counsel was not ineffective.

**II. Ineffective Assistance of Appellate Counsel**

Defendant also claims that his appellate counsel was ineffective, because his appointed counsel failed to raise all meritorious issues on appeal. The Constitution does not require the fifty states to provide any appeal whatsoever to criminal defendants. *Ross v Moffitt*, 417 US 600, 606 (1976). The state Constitution entitled a defendant to appointment of counsel to perfect and prosecute an appeal only to the extent that such assistance is legislatively required. *People v Bulgar*, 462 Mich 495, 509-510 (2000). Effective assistance of appellate counsel does not require counsel to raise every arguable meritorious issue on appeal, and requiring appellate counsel to raise every arguable claim would impair independence of legal profession, destabilize finality of judgments, and exponentially

> increase burdens on appellate counsel. *People v Reed*, 449 Mich 375, 379 (1995). For defendant to obtain postappeal relief for ineffective assistance of appellate counsel, . . . defendant must show that trial counsel's performance fell below objective standard of reasonableness. *Id.* at 390.
>
> Defendant's appellate counsel did not fail to adequately appeal defendant's convictions. Appellate counsel was reasonable and found a palpable appeal. Appellate counsel is not required to raise every possible issue on appeal. Therefore, Appellate counsel was not ineffective.
>
> Defendant has failed to meet his burden of establishing ineffective assistance of trial and appellate counsel, and has not shown cause under MCR 6.508(D)(3)(a).

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Contrary to Petitioner's claims, trial counsel provided Petitioner with effective representation. The evidence against Petitioner was overwhelming. Petitioner's assertion that an expert witness was necessary is contradicted by the fact that DNA evidence both produced positive and negative results. That evidence was presented to the jury. Defense counsel presented an alibi defense to imply why petitioner's DNA evidence was found on the victim's sweater. Specifically, the defense argued that Petitioner had a prior relationship with the victim. Similarly, Petitioner has failed to show that he was denied effective representation by appellate counsel. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Finally, Petitioner asserts that he is entitled to an evidentiary hearing. Petitioner claims that he was at home at the time of the crime. Petitioner's assertion of innocense is not sufficient to warrant an evidentiary hearing in this matter.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: April 26, 2013